UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISON AT LEXINGTON
CASE NO. _____

Removed from Fayette Circuit Court
Civil Action No. 14-CI-3674

| | |
|---|---|
| JANET TOMPKINS | PLAINTIFF; COUNTER-DEFENDANT |
| v. | **NOTICE OF REMOVAL** |
| STANDARD INSURANCE COMPANY | DEFENDANT; COUNTER-PLAINTIFF |

Defendant, STANDARD INSURANCE COMPANY ("Standard"), by its attorneys, Robert L. Steinmetz of Gwin Steinmetz & Baird PLLC and Jacqueline J. Herring of Smith, von Schleicher & Associates, provides notice of removal of this action to the United States District Court for the Eastern District of Kentucky, Central Division at Lexington, pursuant to 28 U.S.C. §1441 *et seq.*, and respectfully presents to this Court the following grounds for removal:[1]

1.     The removing party, Standard, is the defendant in the action originally captioned *Janet Tompkins v. The Standard Life Insurance Company of New York d/b/a The Standard*, with the caption later amended to *Janet Tompkins v. Standard Insurance Company*, pending in the Fayette Circuit Court, Kentucky.  Plaintiff Janet Tompkins ("Plaintiff") commenced this action on September 29, 2014.  A copy of Plaintiff's Complaint is attached as Exhibit A and Plaintiff's First Amended Complaint is attached as Exhibit B.  On November 4, 2014, Standard filed its Answer to Plaintiff's First Amended Complaint and Counterclaim.  A copy of Standard's Answer and Counterclaim is attached as Exhibit C.

---

[1] Jacqueline J. Herring was admitted *pro hac vice* in the state court action and is pending *pro hac vice* admission in this court.

2.     On February 9, 2015, Plaintiff sought leave to file her Second Amended Complaint, a copy of which is attached as Exhibit D.  On February 20, 2015, the Fayette Circuit Court entered an Order granting Plaintiff's request for leave and ordering the Clerk of Court to file and enter Plaintiff's Second Amended Complaint.  A copy of the Order is attached as Exhibit E.  The Order was served by the Clerk of Court on February 23, 2015 and received by Standard's counsel on February 25, 2015.  A copy of other process, pleadings, and orders are attached as Group Exhibit F.

3.     Based on new claims in the Second Amended Complaint, the action became removable to this court.  Standard removes this action under 28 U.S.C. §1441 *et seq.* based on federal diversity jurisdiction pursuant to 28 U.S.C. §1332.  The United States District Court for the Eastern District of Kentucky, Central Division at Lexington, is the appropriate venue for removal of this action from the Fayette Circuit Court, Kentucky.

4.     Plaintiff resides in this district and is a citizen of the State of Kentucky.  (Ex. D, Sec. Am. Compl. ¶ 1).  Standard is a corporation organized under the laws of the State of Oregon, with its principal place of business in Portland, Oregon.  Standard, therefore, is a citizen of the State of Oregon.  Accordingly, Standard is not a citizen of the same state as Plaintiff.  There is complete diversity of citizenship between the parties pursuant to 28 U.S.C. §1332.

5.     In each of her complaints, Plaintiff seeks payment of long-term disability benefits under Group Long Term Disability Insurance Policy Number 148212-C ("Group LTD Policy") issued by Standard to her former employer, Fayette County Public Schools.  (Ex. A, Compl. ¶¶ 4-5, 8-9, 25-29; Ex. B, First Am. Compl. ¶¶ 4-5, 8-9, 25-29; Ex. D, Sec. Am. Compl. ¶¶ 4-5, 8-9, 28, 30-33).  A copy of the Group LTD Policy is attached as Exhibit G.

6. In her Second Amended Complaint, Plaintiff added a new claim for reinstatement of her life insurance coverage with waiver of premium under Group Life Insurance Policy 148212-A ("Group Life Policy") issued by Standard to Fayette County Public Schools. (Ex. D, Sec. Am. Compl. ¶¶ 20-23, 28, 30-33). A copy of the Group Life Policy is attached as Exhibit H.

7. In accordance with Kentucky Rule of Civil Procedure 8.01(2), Plaintiff's Second Amended Complaint does not specify the amount of damages sought. When "State practice does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," removal is proper if the court finds "by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. §1446(c)(2).

8. Plaintiff's Complaint and First Amended Complaint sought only payment of LTD Benefits. At the time she filed her Complaint, the value of Plaintiff's claim for payment of disability benefits was no more than $35,803.33.

9. The Group LTD Policy provides that the amount of the LTD Benefit is "The amount you elect, reduced by Deductible Income." (Ex. G, Group LTD Policy, pg. STND 14-02475-000009). Plaintiff's gross potential monthly LTD Benefit assuming no offsets for Deductible Income is $2,300. (Ex. I, Claim Overview). Plaintiff's claim was paid through June 12, 2013. (Ex. D, Sec. Am. Compl. ¶ 13). The maximum total amount of benefits Plaintiff contends are due from June 12, 2013 to the filing of her Complaint on September 29, 2014, was $35,803.33 (15 months x $2,300 = $34,500; plus 17 days x ($2,300 / 30) = $1,303.33).[2]

---

[2] Standard alleges that Plaintiff receives monthly Deductible Income in the amount of at least $2,569.07, thereby reducing her potential monthly LTD Benefit to the Minimum LTD Benefit of $575 monthly (25% of her gross LTD Benefit). (Ex. C, Counterclaim ¶ 8; Ex. G, Group LTD Policy, pg. STND 14-02475-000009). Based on the value of the Minimum LTD Benefit, the amount of benefits due from June 12, 2013 to the filing of her Complaint on September 29, 2014 is $8,950.83. (15 months x

10.     In her Second Amended Complaint, Plaintiff for the first time asserted a claim for reinstatement of her life insurance coverage under the Group Life Policy.  Plaintiff alleges that she "met, and continues to meet, the eligibility requirements for the waiver of premium benefit under the group life insurance policy" and that "[a]s a result of Defendant's breach of its duty to…waiver premiums on her life insurance, Plaintiff has suffered damages…."  (Ex. D, Sec. Am. Compl. ¶¶ 22, 33).  The Group Life Policy provides for continuation of life insurance coverage "without payment of premiums" if the insured is Totally Disabled as defined in the Group Life Policy and subject to the terms and conditions of the Group Life Policy.  (Ex. H, Group Life Policy, pg. STND 14-02475-000693).

11.     Plaintiff seeks "Judgment for full contractual benefits," including LTD benefits and reinstatement of her life insurance coverage through waiver of premium under the Group Life Policy.  (Ex. D, Sec. Am. Compl. ¶ 28, Wherefore clause).  The value of Plaintiff's life insurance coverage under the Group Life Policy is $100,000.  (Ex. J, Waiver Summary Claim Sheet).

12.     The validity and viability of Plaintiff's $100,000 life insurance coverage under the Group Life Policy is in dispute.  When the case concerns the validity of the insurance coverage, the full value of the policy coverage must be considered in calculating the amount in controversy.  See *Mass. Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 417 (6th Cir. 1996) (holding "future potential benefits that might be owed" are included in the amount in controversy where the case "concerns the validity of defendant's entire policy").  See also *In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d 830, 834-835 (8th Cir. 2003) (value of reinstatement of life insurance coverage is the face value of the policy); *Guardian Life Ins. Co. of am. v.*

---

$575 = $8,625.00; plus 17 days x ($575 / 30) = $325.83).  It is unclear whether Plaintiff disputes Standard's calculation of Deductible Income.

*Muniz*, 101 F.3d 93, 94 (11th Cir. 1996) (value of claim regarding validity of life insurance coverage is the face value of the coverage); *Pepper v. State Farm Mut. Auto. Ins. Co.*, No. 2:12-cv-01459, 2012 WL 6554036, at *3 (S.D. W.Va. Dec. 14, 2012) ("[T]he policy itself is directly in controversy, and the amount in controversy must be the face value of the UIM coverage."); *Crenshaw v. Crenshaw*, No. 4:12CV861 JCH, 2012 WL 3115727, at *2 (E.D. Mo. July 26, 2012) ("the appropriate measure of the amount in controversy is the face value of the relevant insurance policy"); *Preis v. New England Life Ins. Co.*, No. 07-582, 2007 WL 2478693, at *2-5 (W.D.La. Aug. 28, 2007) (value of claim to enforce life insurance coverage is the face value of the policy).

13. The total value of Plaintiff's claims in her Second Amended Complaint, therefore, is $135,803.33, consisting of $35,803.33 in LTD Benefits and $100,000 in life insurance coverage.

14. Pursuant to 28 U.S.C. §1446(b)(3), when the case stated by the initial pleading is not removable, notice of removal may be filed within 30 days after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The Fayette Circuit Court Order entering Plaintiff's Second Amended Complaint, which the Clerk of Court served on February 23, 2015 and Standard received on February 25, 2015, is an amended pleading and "other paper" under 28 U.S.C. §1446(b)(3).

15. Based on the date of approval for filing Plaintiff's Second Amended Complaint, Standard is required to file its Notice of Removal on or before March 25, 2015. Because Notice of Removal has been filed on or before March 25, 2015, Standard's Notice of Removal is timely filed pursuant to 28 U.S.C. §1446.

16.     The amount in controversy could not be established and the case was not removable based on Plaintiff's initial pleading in the Complaint or First Amended Complaint. At the time she filed her Complaint, the value of Plaintiff's claim for disability benefits was no more than $35,803.33.  Plaintiff's claim for reinstatement of her life insurance coverage through waiver of premium represents an additional claim in the amount of $100,000.  The value of Plaintiff's claims therefore, exceeded $75,000 as of the filing of her Second Amended Complaint and the case first became removable at that time.  Removal is timely pursuant to 28 U.S.C. §1446(b)(3).

17.     Because complete diversity of citizenship exists between the parties and Plaintiff's newly filed Second Amended Complaint establishes that the amount in controversy exceeds $75,000 exclusive of interest and costs, Standard is entitled to remove this matter from state court to federal court pursuant to 28 U.S.C. §§1332 and 1441.

18.     This Court has original jurisdiction over this action based on diversity jurisdiction, and therefore the action is properly removed to this Court pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441, and 28 U.S.C. §1446.

WHEREFORE, Removing Party and Defendant, STANDARD INSURANCE COMPANY, requests that the above titled action be removed from the Fayette Circuit Court, Kentucky, to the United States District Court for the Eastern District of Kentucky, Central Division at Lexington.

Respectfully submitted,

s/Robert L. Steinmetz
Robert L. Steinmetz
Gwin Steinmetz & Baird, PLLC
401 West Main Street, Suite 1000
Louisville, Kentucky 40202
(502) 618-5711
rsteinmetz@gsblegal.com


Jacqueline J. Herring
SMITH | VON SCHLEICHER + ASSOCIATES
180 North LaSalle Street Suite 3130
Chicago, Illinois 60601
(312) 541-0300
jackie.herring@svs-law.com
(pending admission *pro hac vice*)

*Attorneys for Defendant,*
*Standard Insurance Company*


**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2015, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Philip G. Fairbanks, pgf@austinmehr.com
Bartley K. Hagerman, bkh@austinmehr.com


s/Robert L. Steinmetz