# EXHIBIT A

COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL DIVISION
CASE NO. 14-CI-3674
Div 7

JANET TOMPKINS             PLAINTIFF

vs.        **COMPLAINT AND JURY DEMAND**

THE STANDARD LIFE INSURANCE COMPANY OF NEW YORK     DEFENDANT
d/b/a THE STANDARD

To be served through:
CT Corporation System
306 W. Main Street, Suite 512
Frankfort, KY 40601


FILED
ATTEST, VINCENT RIGGS, CLERK
SEP 29 2014
FAYETTE CIRCUIT CLERK
BY _____ DEPUTY

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

1. Plaintiff, Janet Tompkins, is a citizen and resident of Fayette County, Kentucky.

2. The Standard Life Insurance Company of New York d/b/a The Standard ("The Standard") is an insurance company believed to be domiciled in the state of New York. Standard's service of process agent is CT Corporation System, located at 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

3. Plaintiff was employed with the Fayette County Public Schools ("FCPS"), working as a school teacher. The FCPS maintained a plan to provide benefits to its employees (the "Plan").

4. Defendant supplied and issued policies of insurance to the FCPS, where Plaintiff obtained coverage for long-term disability insurance (hereafter "LTD"). The applicable insurance group policy number is believed to be 148212, Fayette County Public Schools; Group ID number is 10123037.

5. The LTD insurance policy provides for monthly disability benefit payments, based on percentages of Plaintiff's pre-disability earnings.

1

6. Upon information and belief, Plaintiff paid the premiums for her LTD coverage.

7. The LTD policy states:

   "You are disabled if you meet the following definitions during periods they apply:

   1. During the Benefit Waiting Period and the Own Occupation Period you are required to be Disabled only from your Own Occupation, as a result of injury or physical disease; and
   2. During the Any Occupation Period, you are required to be disabled from all occupations, as a result of physical disease or injury and unable to perform each of the main duties of any gainful occupation for which the Insured Employee's training, education or experience will reasonably allow."

8. Plaintiff, while working for the FCPS, became disabled as defined in her insurance policy on or about April 30, 2011, and remains disabled.

9. Plaintiff was and has been unable to perform the material duties of her own occupation, and any other occupation, since on or about April 30, 2011.

10. Plaintiff applied for LTD benefits with Defendant in a timely fashion, in the manner outlined in the insurance certificate and/or policy.

11. Plaintiff provided proof that her physicians had restricted her from, and/or recommended that she not return to, work and that she was unable to perform her own occupation and any other occupation.

12. By letter dated July 28, 2011, Defendant approved Plaintiff's claim for LTD benefits.

13. By letter dated June 12, 2013, Defendant discontinued Plaintiff's LTD benefits, stating as follows:

   "We have been reviewing your claim and eligibility for benefits due to the change in the Definition of Disability that occurs after you received benefits for 24 months. We have concluded that you do not meet your group Policy's Any Occupation Definition of Disability. Therefore, your claim will close as of the date of this letter."

2

14. By letter dated October 11, 2013, Plaintiff asked for the extension for appeal, which was granted.

15. By letter dated December 4, 2013, Plaintiff made a timely and proper appeal in the manner outlined and set forth in her LTD certificate and/or policy.

16. By letter dated February 18, 2014, Defendant informed Plaintiff that her case will be reviewed by March 28, 2014.

17. By letter dated March 14, 2014, Defendant informed Plaintiff that it was taking a 45-day extension to render a decision on the LTD claim.

18. By letter dated April 4, 2014, Defendant requested that Plaintiff attend a Functional Capacity Evaluation (FCE), and Plaintiff complied with this request, attending the FCE on or about August 6, 2014.

19. To date, Defendant has failed to render a decision on Plaintiff's LTD claim.

20. Defendant has refused to respond to Plaintiff's phone calls and correspondence requesting a status update on Plaintiff's LTD claim, and continuing to wait for Defendant to render a decision would be futile.

21. The Employee Retirement Income Security Act of 1974 ("ERISA") does not govern the subject LTD policy or the Plan.

22. Pursuant to 29 USCS §1003(b)(1), governmental plans are not subject to ERISA.

23. 29 USCS §1002(32) defines governmental plans, which includes a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing. As such, the FCPS Plan is not subject to ERISA.

24. Plaintiff has a contract for LTD insurance coverage with Defendant.

25. Plaintiff satisfied the contractual terms in order to become eligible for payment of LTD benefits.

26. Defendant breached its duty by failing to pay Plaintiff owed contractual benefits.

27. Defendant's decisions to deny benefits is in contrast to the overwhelming medical evidence, and Defendant's failure to act in accordance with the terms of the policy and Plan, as well as applicable law and regulations, and its failure to render a timely decision, constitutes a breach of contract.

28. Defendant has wrongfully and in contrast to the terms of the Plan and policy denied Plaintiff her rightfully due LTD benefits.

29. As a result of Defendant's breach of its duty to pay Plaintiff due LTD benefits, Plaintiff has suffered damages, which damages are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff seeks,

1. Judgment for full contractual benefits;

2. Trial by jury; and

3. Any and all other relief to which Plaintiff appears to be entitled.

*[signature]*
PHILIP G. FAIRBANKS
BARTLEY K. HAGERMAN
**Mehr Fairbanks Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: 859-225-3731
Facsimile: 859-225-3830
*Attorneys for Plaintiff*